An opinion was delivered by the court below on the question of jurisdiction and the validity of patent for a gas check or obturator effective in the operation of breech-loading cannon. (43 C. Cls. R., 25.) Subsequently the court filed findings of fact, and judgment was rendered for claimants. On the appeal the judgment was affirmed, and the Supreme Court decided:
“ In order to find that there was an implied contract for use of a patent, there must be use with patentee’s assent and agreement to pay something therefor, United States v. Berdan Fire Arms Company, 156 U. S. 552, and these elements may be collected from conduct of the parties, even if there are no explicit declarations.
“ Where the facts show that the patentee consented that the Government use his invention, and the proper officers of the Department in which it was used have stated that there is a claim for royalties if the patent is a valid one, the claim is founded on contract and the Court of Claims has jurisdiction.
“ The intention to plainly do a wrongful act by deliberately talcing the property of another without compensation will not *651 be imputed to officei’s of the United States without the most convincing proof.
“ The excellence of an ordnance invention is testified to by its use by the Government in guns for the national defense.
“ In this case, held that the De Bange gas check for large guns is a device of excellence, that the patents therefor are valid, and the gas checking device used by the Government is an infringement thereof.
“ The law secures the patentee against, infringement by a use in other forms and proportions than those specifically described in the claims.
“ This coijrt will not direct the Court of Claims to certify evidence and not its conclusions from the evidence. The rule is that the finding must be of the facts established by the evidence.
“ This court, in appeals from the Court of Claims, can only act upon the record; and a finding of that court that a definite amount of compensation is due from the Government for use of a patent, to which no objection is taken or exception reserved, is as finally determinative of the matter, as a special verdict of a jury. The evidence cannot be certified up so as to make such finding reviewable by this court. United States v. New York Indians, 173 U. S. 464, followed, and Ceballos & Co. v. United States, 214 U. S. 47, distinguished.”
Mr. Justice McKenna
delivered the opinion of the Supreme Court April 8, 1912.